**PIERCE v. KUNKEL et al.**

No. 11431.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1945.

Rehearing Denied Dec. 28, 1945.

Otis Harold Woodrow, of Sherman, Tex., for appellant.

W. F. Moore and O. B. Fisher, both of Paris, Tex., for appellees.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The trustee of the estate of John A. Kunkel, a bankrupt, brought this suit to recover an alleged wrongful transfer of an unscheduled and unadministered asset under Section 70, as amended, of the National Bankruptcy Act, 11 U.S.C.A. § 110.

The court below ruled that the assets were not a part of the estate of the bankrupt at the time the petition was filed nor at the time Kunkel was adjudicated a bankrupt.

From September 1, 1919 to March 23, 1922, John A. Kunkel advanced to Red River County, Texas, an aggregate sum of $18,499.96. This money, along with other funds obtained from the State and Federal Government, was used to construct a portion of what is now known as State Highway No. 37 in Red River County. At that time Kunkel owned farming lands traversed by the highway and the value of such lands was greatly enhanced by the construction of the road.

No writing was entered into between Red River County and Kunkel which disclosed that the County was legally obligated to reimburse Kunkel for the amount of money which he advanced, nor was any tax levied or other provision made which might evidence the existence of a debt. Excerpts from the minutes of the Commissioners' Court dated June 16, 1919 show:

" * * * That there is appropriated out of the Private Funds of John Kunkel funds, and set aside for the purpose above specified and subject to the order of the State Highway Commission, the sum of $15,000.00, which funds shall be held solely for the purpose of constructing or reconstructing the 2¼ miles of State Highway No. 37 road above mentioned; and if the actual cost of constructing this road should exceed the engineer's estimate therefor, the Commissioners' Court does pledge itself to pay from the Private Funds of John

Kunkel fund such additional amount as may be required to complete the proposed construction or reconstruction herein set forth; * * *."

The evidence of Kunkel shows without dispute that he advanced more than $18,499.96 to build and reconstruct the road; that this money went in to such building and construction; that it did enhance the value of his farm much more than the amount expended; that there was no understanding that he was to get the money back; that it was made just as a donation to the County to secure the construction of the road; that he finally lost this farm and was adjudged a bankrupt.

In April 1941, several years after Kunkel's discharge in bankruptcy, the State Legislature of Texas enacted special legislation Acts Tex. 1941, c. 122, which authorized the County of Red River to issue its warrants for the purpose of reimbursing Kunkel for the money advanced by him and expended in the construction of the highway. Pursuant to this authority, the Commissioners' Court of Red River County authorized the issuance of the warrants and they were approved by the Board of District Road Indebtedness of the State of Texas. These warrants are to be paid by the State of Texas out of a special fund and do not become the indebtedness of Red River County.

The contentions of the trustee are (1) that certain recitals contained in the special legislative enactment and the resolutions passed by the Commissioners' Court, pursuant to the Legislative Act, make the question of a contract express or implied between Kunkel and Red River County res judicata; and (2) that the action of Kunkel and the other defendants in procuring the passage of the Special Act and the resolutions of the Commissioners' Court estop them from later asserting that Kunkel did not expect repayment of the money when it was advanced by him in the year 1919.

The resolutions of the Commissioners' Court which were passed after and pursuant to the Legislative Act do not show that a debt was created in 1919. On the contrary, it appears that the debt was created by the Special Act of the Legislature. The pertinent recitals of the two resolutions of the Commissioners' Court disclose:

"And it further appearing to the court that said sum of Twenty Thousand One Hundred Sixty-Four ($20,164.96) and 96/100 Dollars as expended by said John A. (J. A.) Kunkel for and in behalf of the County of Red River in the construction and reconstruction of said project, constitutes a binding obligation by said Act, House Bill No. 725, *is made a legal obligation thereof* (italics supplied) and that the same should be paid.

*      *      *      *      *

"That there shall be issued under and by virtue of said House Bill No. 725 as passed by the Regular Session of the 47th Legislature of the State of Texas, 1941, which law became effective April 23, [24] 1941, interest bearing time warrants of said County to be known as 'Red River County State Highway No. 37 Special Warrants of 1941', in the amount of $18,499.96, which said warrants shall be payable out of and solely from a special fund hereinafter created and designated for that purpose."

As we have shown, there was no contract between Red River County and Kunkel, and the Commissioners' Court in paying over the money which Kunkel had advanced with which to build the highway, was merely carrying out the mandate of the legislative enactment. It is almost too elementary to state that an issue must have been decided before it can come within the scope of res judicata. This is only one of the reasons why res judicata cannot be applied here.

The record fails to show any statements made by Kunkel or his attorneys from which the trustee of his bankrupt estate can successfully assert that they are estopped from denying that a contract was made when the money here in question was advanced. Kunkel claimed no indebtedness from Red River County, and he filed no such claim alleging such indebtedness in making out his schedule to the Bankrupt Court. And since no debt was owing, the trustee of his bankrupt estate most certainly could not have enforced such purported obligation against Red River County. Estoppel is an afterthought of the trustee.

We have examined carefully the several assignments of error and find them without merit. The judgment appealed from is affirmed.